IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH W. BURCH,                    )
        Petitioner,              )          Civil Action No. 15-94 Erie
                  )
        v.                       )          District Judge Barbara Rothstein
JOHN R. KERESTES, et al.,           )          Magistrate Judge Susan Paradise Baxter
        Respondents.             )


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION**

It is respectfully recommended that the Respondents' motion to dismiss (ECF No. 17) be granted, that each of the Petitioner's claims be dismissed with prejudice, and that a certificate of appealability be denied with respect to all claims.


**II.**    **REPORT**

    **A.**    **Relevant Background**

In 2008, the Petitioner was charged in the Court of Common Pleas of Crawford County at Criminal Docket No. 570-2008 with Rape of a Child, Endangering the Welfare of a Child, Unlawful Contact with a Minor, Corruption of Minors, Aggravated Indecent Assault and three counts of Indecent Assault. The Petitioner confessed during a police interrogation conducted by the Meadville City Police Department that he sexually assaulted the child-victim, who is identified as "O.C." in the state court record. (Resp's Ex. F, Commonwealth v. Burch, No. 570-2008, slip op. at 2 (C.P. Crawford Nov. 14, 2011) ("Burch I"), ECF No. 17-1 at 25). According to the Respondents, he admitted to putting his penis on the victim's genitals and his thumb in her vagina. (Motion to Dismiss at 1, ECF No. 17 at 1).

Edward J. Hatheway, Esquire, was the Petitioner's defense counsel. On November 3, 2008, the

Petitioner pleaded guilty to one count of Aggravated Indecent Assault. On February 26, 2009, the trial

court sentenced him to a term of 120-240 months of imprisonment. (Resp's Ex. B, ECF No. 17-1 at 8).

Petitioner did not file a direct appeal. Accordingly, his judgment of sentence became final on

**March 30, 2009**, which is the date upon which the 30-day time limit for him to file an appeal with the

Superior Court of Pennsylvania expired. See 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final at the

conclusion of direct review, including discretionary review in the Supreme Court of the United States

and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Gonzalez

v. Thaler, — U.S. — , 132 S.Ct. 641, 653-56 (2012) (under relevant federal law a judgment becomes

final at the conclusion of direct review or the expiration of time for seeking such review); Swartz v.

Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (same). As will be discussed below, for each of the

Petitioner's cognizable claims not premised upon the newly-discovered evidence pertaining to Nurse

Rhonda Henderson, **March 30, 2009** is the date upon which the one-year statute of limitations began to

run under both state and federal law for him to raise claims in a collateral proceeding (that is, under

Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*., or the federal habeas

statute applicable to state prisoners, 28 U.S.C. § 2254).

In June 2012, information came to light that Rhonda Henderson, a forensic nurse:

> had issued questionable medical reports and opinions in several sexual abuse cases. The
> Erie Times-News reported the story which prompted a review of Nurse Henderson' s
> findings by local and national experts. E.g., Lisa Thompson, *Findings Threaten Cases:
> Nurse's information in Suspected Sexual Assault Found Faulty*, Erie Times-News,
> June 13, 2010, at Al. These experts resoundingly discredited Nurse Henderson's findings
> in many instances, calling her reports and opinions erroneous and overstatements of the
> physical findings. Id. The backlash over this discovery led to a wholesale review by law
> enforcement authorities of all of the convictions that were linked to Nurse Henderson.

(Resp's Ex. F, <u>Burch I</u>, No. 570-2008, slip op. at 2, ECF No. 17-1 at 25). <u>See also</u> Report in

Recommendation in <u>Vargas v. Wetzel</u>, No. 14-161, 2016 WL 1068359, *11 (W.D. Pa. Feb. 24, 2016)

("Recently the work product of a forensic nurse, Rhonda Henderson, has been called into question. In

several instances, Nurse Henderson's work in other cases has been reviewed by independent experts,

selected by the Commonwealth; these reviewing experts indicated that Nurse Henderson's claimed

observations of injury to children's genitalia were not supported by objective physical evidence. Cases in

which Nurse Henderson played a substantial role have been subject to review by the Court of Common

Pleas in Erie County, Pennsylvania, to determine whether the convictions in those cases should be set

aside.") (quoting <u>Commonwealth v. Vargas</u>, No. 504 WDA 2013, slip op. at 7-9 (Pa.Super.Ct.

Apr. 29, 2014)).

 Nurse Henderson prepared a report in the Petitioner's case, and on October 18, 2010, he filed

with his trial court a *pro se* motion for collateral relief under the PCRA. He claimed "that he did not

assault the 12 year old female victim and that he was coerced into giving a confession. He claim[ed] that

he was denied his right to counsel before he confessed. He contend[ed] that the forensic nurse, Rhonda

Henderson, who examined the child victim prepared a false report that was used to induce his confession

and his plea of guilty and he claim[ed] that evidence of the falsity of her reports fall within the category

of after-discovered evidence. He claim[ed] that his defense counsel coerced him into entering a plea of

guilty for something that he did not do and he claim[ed] that his defense counsel failed to comply with

his instructions to file a direct appeal." (Resp's Ex. E at 2, ECF No. 17-1 at 21).

 The trial court (now the PCRA court) appointed J. Wesley Rowden, Esquire, to represent the

Petitioner and counsel filed an amended PCRA petition. (Resp's Ex. C, Amended Petition, ECF No. 17-

1 at 10-13). Counsel acknowledged that the Petitioner's claims were untimely under the PCRA's one-

year statute of limitations, except perhaps the claim premised upon the after-discovered evidence

pertaining to Nurse Henderson. The PCRA's statute of limitations is codified at 42 Pa.C.S. § 9545(b) and it provides, in relevant part:

> (1) Any petition under this subchapter, including a second or subsequent petition, **shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that**:
>
> - - -
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;
>
> - - -
>
> (2) Any petition invoking an exception provided in paragraph (1) **shall be filed within 60 days of the date the claim could have been presented**.

42 Pa.C.S. § 9545(b)(1)-(2) (emphasis added). Importantly, "[t]he PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." Commonwealth v. Flanagan, 854 A.2d 489, 509 (Pa. 2004) (citations omitted).

On November 14, 2011, the PCRA court issued a Memorandum and Order (Burch I) in which it expressed its intent to dismiss the Petitioner's claims because they were not timely filed under the statute of limitations. The court provided the Petitioner with 20 days to respond to the proposed dismissal. With respect to the after-discovered evidence claim regarding Nurse Henderson, the PCRA court observed that the evidence came to light in June 2010, but the Petitioner did not file his PCRA petition until October 18, 2010. Because he did provide a date upon which he learned of the new evidence, the PCRA court concluded that the Petitioner failed to establish that he raised his claim within the required 60-days of learning of the new evidence to support it. (Resp's Ex. F, Burch I, No. 570-2008, slip op. at 5-6, 9-10, ECF No. 17-1 at 28-29, 32-33). The PCRA court further explained in Burch I that even if it determined that the PCRA petition was timely filed, it would be denied on the merits. (Id. at 6-10, ECF No. 17-1 at 29-34). It noted that the Petitioner admitted his guilt on numerous occasions, that his plea was consistent with the confession he gave to the police, that he knew from the colloquy that his plea of guilty resulted

4

in the waiver of his right to challenge the legality of his confession, and that he failed to show that his plea resulted in a manifest injustice or that it was involuntary or unknowing. (Id.) The PCRA court further determined that the Petitioner's ineffective assistance of counsel claims, while clearly untimely, also had no merit.[1] (Id.)

After the PCRA court issued <u>Burch I</u>, the Petitioner, through counsel, filed a response in which he "alleged that he could prove that he learned of the challenges of Nurse Henderson's credibility on **August 11, 2010** and mailed 'the required advisory to the appropriate source,' on **October 5, 2010**." (Resp's Ex. G, <u>Commonwealth v. Burch</u>, No. 570-2008, slip op. at 3 (C.P. Crawford July 5, 2012) ("<u>Burch II</u>") (quoting the Petitioner's Response to Judge's Intention to Dismiss at ¶ 2), ECF No. 17-1 at 37).

In light of the Petitioner's assertion, the PCRA conducted an evidentiary hearing on April 5, 2012. On July 5, 2012, it issued a Memorandum and Order (<u>Burch II</u>) in which it denied the PCRA petition as untimely. The court explained:

> Petitioner testified at the April 5, 2012 evidentiary hearing that he learned of the news articles concerning Nurse Henderson on August 11, 2010. While he apparently communicated this fact **to his attorney on October 5, 2010**, his PCRA petition was not filed until October 18, 2010. The PCRA statute expressly requires a petition invoking an except[ion] to the one-year filing date to be filed within 60 days. Whether the Petitioner communicated the fact that he learned of the challenges to Nurse Henderson's work within the 60-day period is, thus, irrelevant as the only dates that matter under the statute

_____

[1]    In rejecting the Petitioner's claim that Attorney Hatheway was ineffective for failing to file a direct appeal, the PCRA court explained:

> According to <u>Commonwealth v. Harmon</u> a petitioner must prove that he requested a direct appeal and that counsel disregarded this request. <u>Commonwealth v. Harmon</u>, 738 A.2d 1023, 1024 (Pa. Super. 1999). Furthermore, a "mere allegation will not suffice, a petitioner must plead and prove that his request for an appeal was ignored or rejected by trial counsel." <u>Id.</u>
>     In this case, Petitioner failed to provide any evidence supporting his allegation that he requested a direct appeal and that the request was ignored or rejected by counsel. Therefore, we find that Petitioner's claim with respect to Mr. Hatheway is of no merit.

(Resp's Ex. F, <u>Burch I</u>, No. 570-2008, slip op. at 7, ECF No. 17-1 at 30).

are the date Petitioner discovered the news articles and the date his PCRA was filed. Because Petitioner's PCRA was filed over 60 days after he learned of the challenges to Nurse Henderson's professional competency, we lack jurisdiction to address his PCRA.

Moreover, even if we were able to address this PCRA, none of the arguments set forth by Petitioner avails him of relief under the PCRA statute as we concluded in our Memorandum and Order issued on November 14, 2011 [Burch I].

(Resp's Ex. G, Burch II, No. 570-2008, slip op. at 4-5, ECF No. 17-1 at 38-39).

The Petitioner, through counsel, filed an appeal with the Superior Court of Pennsylvania. In this appeal he argued, apparently for the first time, that he gave his PCRA petition **to prison authorities on October 5, 2010**, and that it should be considered to have been filed on that date, which was within the 60-day time limit (which required that the PCRA petition be filed by **October 10, 2010**). (Resp's Ex. H, Commonwealth v. Burch, No. 1198 WDA 2012, slip op. at 8-11 (Pa.Super.Ct. Mar. 8, 2013) ("Burch III"), ECF No. 17-1 at 47-49).

On March 8, 2013, the Superior Court issued a decision (Burch III) in which it affirmed the PCRA court. It rejected the Petitioner's contention that he gave his PCRA petition to prison authorities on October 5, 2010, because he "did not attach or supply the PCRA Court with proof of said filing." (Resp's Ex. H, Burch III, No. 1198 WDA 2012, slip op. at 9-10, ECF No. 17-1 at 48-49). As a result, the Superior Court explained, his PCRA petition must be deemed to have been filed on October 18, 2010, which was outside the 60-day time period for filing claims under the PCRA based upon newly-discovered evidence. The Superior Court further held:

Additionally, we note that [the Petitioner] alleges he gave the petition to prison authorities for the first time on appeal. Previously, [the Petitioner] had merely stated he gave the petition to the "appropriate source," never specifying he gave it to prison officials. *Response to Judge's Intention to Dismiss*, 12/2/11. "[I]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Accordingly, on this basis alone we could deem [the Petitioner's] issue waived.

(Id. at 10 n.4, ECF No. 17-1 at 49).

Following the Superior Court's decision, the Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. That court denied it in a per curiam order dated August 15, 2013. (Resp's Ex. I, ECF No. 17-1 at 50).

The following month, on September 18, 2013, the Petitioner filed a second PCRA petition. Because it was his second,[2] he was not automatically entitled to court-appointed counsel under state law and he litigated it *pro se*.[3] In an order dated October 28, 2013, the PCRA court dismissed the second PCRA petition because it was time barred under the PCRA's statute of limitations. The Petitioner did not file an appeal with the Superior Court. (See Resp's Ex. J, Commonwealth v. Burch, No. 570-2008, slip op. at 2 (C.P. Crawford, Aug. 26, 2014) ("Burch IV"), ECF No. 17-1 at 52).

More than nine months later, on August 5, 2014, the Petitioner filed a third PCRA petition. Because he was not entitled to court-appointed counsel, he litigated this PCRA *pro se*. On September 14, 2014, the PCRA court dismissed that petition because, like his two previous PCRA petitions, it was time barred under the PCRA's statute of limitations. (Id. at 1-5 & 9/16/14 Order; ECF No. 17-1 at 51-56). The Petitioner filed an appeal with the Superior Court in which he raised the following issues:

1.  Was his guilty plea unknowing, involuntary, and therefore invalid as in that it was entered at the advice of counsel who himself was ineffective as a result of counsel's failure to request a competency hearing for the juvenile witness/victim in this matter?

2.  Was he denied a fair trial and due process of the law in that the prosecution introduced false and perjured expert witness testimony in order to induce him to enter a plea of guilty?

---

[2]     The claims the Petitioner raised in his second PCRA petition are not identified in the record before this Court.

[3]     Pennsylvania Rule of Criminal Procedure 904 mandates that a PCRA petitioner has a right to counsel **on the first PCRA petition**. Pa.R.Crim.P. 904(A)(2)(C). In second or subsequent petitions, the judge must appoint an indigent petitioner counsel if an evidentiary hearing is required or whenever the interests of justice require it. Pa.R.Crim.P. 904(A)(2)(D), (E).

3. Did a manifest injustice occur as a result of the trial court's failure to hold the mandatory competency hearing for the juvenile witness/victim before accepting his guilty plea?

4. Was he denied effective assistance of counsel in that counsel failed to conduct an investigation that would have revealed his history of mental health issues and raised questions as to his competence to stand trial or enter a plea of guilty?

5. Was he abandoned by counsel who failed to file a direct appeal as requested?

6. Was he denied effective assistance of counsel in that plea counsel did not discuss with or advise him of the sentence before it was imposed?

7. Did the PCRA court abuse its discretion and deny him due process of the law when it ordered an evidentiary hearing on his newly discovered evidence claim, and then rule his PCRA petition was untimely filed without addressing the merits of his newly discovered evidence?

8. Was he denied due process of the law and effective assistance of counsel in that trial counsel failed to advise him of his right to have an expert witness testify in his defense?

9. Was he denied due process of the law and effective assistance of counsel in that PCRA counsel failed to object or preserve on the record for further review the PCRA court's failure to address his newly discovered evidence claim before ruling that his PCRA was untimely filed?

(Resp's. Ex. K, <u>Commonwealth v. Burch</u>, No. 1650 WDA 2014, slip op. at 6-7 (Pa.Super.Ct.

Nov. 6, 2015) ("<u>Burch V</u>"), ECF No. 17-1 at 63-64 (quoting the Petitioner's appellate brief at v-vi)).

On or around March 3, 2015, while he awaited a decision from the Superior Court, the Petitioner

placed in the prison mailing system the instant petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Petition

at 21, ECF No. 4 at 21). This federal habeas petition will be deemed to have been filed on that date

under the prison mailbox rule.[4] <u>See</u> Rule 3(d) of the Rules Governing Section 2254 Cases In the United

---

[4] In his Reply, the Petitioner states the he filed his federal habeas petition on May 27, 2014. (ECF No. 22 at 4). That is the date the Respondents erroneously recite in their motion to dismiss. (ECF No. 17, ¶ 17). It is not clear why that date is referenced, and perhaps it was a mere cut-and-paste error. Whatever the cause of the error, this Court's docket establishes that the petition (which is the first and only one the Petitioner submitted to this Court) was filed – at the very earliest – on

States District Courts. See also BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9A:128, WestlawNext (database updated May 2016). Section 2254 gives federal courts jurisdiction to consider a state prisoner's federal constitutional challenges to the validity of his or her state sentence. 28 U.S.C. § 2254(a). Errors of state law are not cognizable in a federal habeas action. Id. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The Petitioner carries the burden of proving that he is entitled to the writ. See, e.g., Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

In his federal habeas petition, the Petitioner raises the following eight claims, which are set forth verbatim:

**Ground One:** [The PCRA] violate[d] Petitioner's right to due process of the law. In January 2015, Petitioner uncovered school records and evaluations and evaluations that reveal that Petitioner's extensive mental health history. These facts were not presented to the state courts due to jurisdictional time limits of the PCRA. The PCRA also prohibits Petitioner from raising the claim of PCRA counsel's ineffectiveness in turn preventing Petitioner's claims of trial counsel's ineffectiveness from being heard. State law requires ineffective claims be raise[d] in PCRA, not on direct appeal.

**Ground Two:** Brady violation; Prosecutorial misconduct; government interference with presentation claim and defense counsel's ability. Petitioner's guilty plea was induced, in part, by the Commonwealth's expert forensic witness [Nurse Henderson's] testimony. That expert witness' testimony was discredited by numerous national and local forensic experts. The prosecution began investigating its expert's work, ordered an independent review, found the expert witness to be discredited, but failed to withdraw the Commonwealth's expert witness testimony from the record.

**Ground Three:** Denial of fair trial and due process of the law as a result of trial counsel's ineffectiveness. Counsel ignored the law applicable to this matter; counsel failed to employ a defense expert witness to rebut the Commonwealth's expert witness testimony; failed to investigate Petitioner's history of mental health issues; failed to request a competency hearing for the victim, O.C., who was under 13; coached Petitioner, who was incompetent at the time into a guilty plea; counsel did not know the sentence.

**Ground Four:** Abandonment of Counsel Hatheway. Failed to file a direct appeal as Petitioner requested which actually prevented Petitioner from raising his claims and asserting his rights.

---

March 3, 2015. Because, as explained below, the Petitioner's claims are untimely by many years, if he had in fact filed his federal habeas petition on May 27, 2014, his claims would still be untimely. However, there is no basis for the Court to use that date as the filing date.

**Ground Five:** Involuntary, unknowing guilty plea. Petitioner was mentally incompetent to enter a plea or stand trial. Petitioner's decision to plea[d] guilty was induced by the prosecution's use of false and fabricated expert forensic witness testimony and trial counsel Hatheway's ineffectiveness.

**Ground Six:** Denial [of] due process as a result of PCRA counsel Rowden's abandonment. Counsel ignored the law that applied to this case as a result of counsel's ignorance of the law, Petitioner was actually prevented from asserting his rights to raise his claim of trial counsel Hatheway's ineffectiveness and abandonment, and Petitioner's right to present newly discovered exculpatory and impeachment evidence to the state courts. Counsel failed to include any case law in this amended PCRA brief.

**Ground Seven:** Denial of due process as a result of the PCRA court's abuse of discretion. The PCRA court ignored the state law regarding presentation of newly discovered evidence; the PCRA court misapplied the clearly established federal threshold standards for (a) ineffective assistance of counsel; (b) liberal reading of pro se pleadings; and (c) due diligence.

**Ground Eight:** Factual innocence/miscarriage of justice. The forensic report by Dr. Brown, a court order[ed] forensic specialist, determined that the original forensic finding of Nurse Rhonda Henderson, the prosecution's forensic specialist was fabricated and inaccurate. There is no physical or tangible evidence that I committed the offense that I was convicted of. I did not commit that offense.

(Petition at 6-16, ECF No. 4 at 5-15).

This Court served the petition upon the Respondents and also stayed this case pending the conclusion of the Petitioner's appeal before the Superior Court. (ECF No. 5).

On November 6, 2015, the Superior Court issued its decision in the Petitioner's appeal (Burch V). It affirmed the PCRA court's decision and held that all of the Petitioner's claims were filed outside the statute of limitations and, therefore, the court lacked jurisdiction to consider them. (Resp's. Ex. K, Burch V, No. 1650 WDA 2014, slip op. at 10-12, ECF No. 17-1 at 67-69).

After the Superior Court issued its decision, the stay in this case was lifted and the Respondents were ordered to file a response to the Petitioner's federal habeas petition. They subsequently filed a motion to dismiss (ECF No. 17) in which they argue, *inter alia*, that each of the Petitioner's claims are

untimely under the applicable one-year statute of limitations for federal habeas claims, which is set forth at 28 U.S.C. § 2244(d)(1).[5] The Petitioner filed a Reply (ECF No. 22)[6] and the matter is now ripe for this Court to review.

### B. Discussion

#### (a) The Petitioner's Claims of PCRA Court Error, Ineffective Assistance of PCRA Counsel, and His Actual Innocence Are Not Cognizable

Before the Respondents' specific argument is addressed, it must be pointed out that many of the Petitioner's claims must be dismissed because they are not cognizable in a federal habeas action. Some of his claims are premised upon his contention that the PCRA court erred. None of these claims are cognizable because "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; **what occurred in the petitioner's collateral [PCRA] proceeding does not enter into the habeas calculation**." Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) (internal citations omitted) (emphasis added). See also Lambert, 387 F.3d at 247 ("[A]lleged errors in collateral proceedings are not a proper basis for habeas relief from the original conviction.").

---

[5]     The Respondents also argue that the Petitioner's claims are procedurally defaulted "because he failed to perfect an appeal to the Supreme Court of Pennsylvania on the second and third [PCRA] petitions." (ECF No. 17 at ¶ 19). This argument does not support a finding of procedural default. On May 9, 2000, the Pennsylvania Supreme Court issued In re: Exhaustion of State Remedies in Criminal and Post Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 ("Order 218"). It provides that state prisoners on direct appeal of a criminal case or in a PCRA proceeding need not file a petition for allowance of review with the Pennsylvania Supreme Court after the Superior Court denies a claim in order to exhaust a claim for the purposes of subsequent federal habeas review. In Lambert v. Blackwell, 387 F.3d 210, 231-234 (3d Cir. 2004), the Court of Appeals for the Third Circuit held that Order 218 was sufficient to render discretionary review before the Pennsylvania Supreme Court "unavailable" to state prisoners on direct appeal and in a PCRA appeal. Therefore, a Pennsylvania state prisoner challenging his judgment of sentence need only show that he presented his federal habeas claims to the Superior Court. Notwithstanding the Respondents' error, a district court may raise procedural default *sua sponte* and the Petitioner's cognizable claims do appear to be defaulted because, to the extent that he raised them to the state courts, they were denied as untimely under the PCRA's statute of limitations. However, this Court need not address procedural default because the Petitioner's claim can be dismissed as untimely under AEDPA's statute of limitations.

[6]     The Petitioner's Reply was entered on this Court's docket twice, at ECF No. 22 and ECF No. 23.

The Petitioner also alleges that Attorney Rowden, the attorney who represented him in his first PCRA proceeding, provided him with ineffective assistance. The Petitioner did not have a federal constitutional right to counsel during his PCRA proceeding, <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987), and, for that reason, he cannot receive habeas relief on a claim that his PCRA counsel was ineffective, a fact codified by statute at 28 U.S.C. § 2254(i), which expressly provides: "[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254." <u>See</u> <u>also</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 752-53 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.... Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.").

Petitioner also contends that the newly-discovered evidence that discredited Nurse Henderson establishes that he is actually innocent. Importantly, a stand-alone claim of actual innocence is not cognizable in a federal habeas action.[7] That is because "[a] freestanding claim of actual innocence in a non-capital case based on newly discovered evidence is not a ground for habeas corpus relief." Federal Habeas Manual § 1:60 (citing <u>Herrera v. Collins</u>, 506 U.S. 390 (1993) and additional citations omitted). <u>See</u> <u>also</u> <u>Fielder v. Varner</u>, 379 F.3d 113, 122 (3d Cir. 2004) ("It has long been recognized that '[c]laims of actual innocence based on newly discovered evidence' are never grounds for 'federal habeas relief absent an independent constitutional violation.'" (quoting <u>Herrera</u>, 506 U.S. at 400)); <u>Albrecht</u>, 485 F.3d at 121-22. <u>But</u> <u>see</u> <u>Han Tak Lee v. Glunt</u>, 667 F.3d 397 (3d Cir. 2012) (where the petitioner's

---

[7]        When Petitioner presented his allegations regarding Nurse Henderson to the state court, he raised it under a provision of the PCRA that does not have a counterpart in the federal habeas statute. The PCRA provides that a prisoner is entitled to relief if he proves that his conviction or sentence resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). <u>See</u> <u>also</u> <u>Albrecht v. Horn</u>, 485 F.3d 103, 123 (3d Cir. 2007) (describing this provision of the PCRA as "the provision of the state post-conviction relief act dealing with claims of innocence based on after discovered evidence."). In contrast, as discussed herein, a stand-alone claim of actual innocence is not cognizable under the federal habeas statute.

claims were based on an alleged due process violation, not a claim of actual innocence). For this reason, the Petitioner's stand-alone claim of actual innocence must be dismissed.[8]

Based upon all of the forgoing, the Petitioner's claims in which he alleges that the PCRA court erred, that his PCRA counsel provided him with ineffective assistance of counsel, or that he is actually innocent, must be dismissed because they are not cognizable.

### (b)  The Petitioner's Claims Were Filed Outside AEDPA's Statute of Limitations

Turning now to the Respondents' specific argument, they are correct that the Petitioner's claims are untimely.[9] AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides, in relevant part:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- - -

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[10]

The statute also provides that "[t]he time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not

---

[8]      As discussed *infra*, to the extent that any of the Petitioner's claims premised upon Nurse Henderson are cognizable, they should be dismissed because the Petitioner filed them outside AEDPA's one-year statute of limitations.

[9]      As set forth above, in several of the Petitioner's claims he raised non-cognizable claims of PCRA court error. To the extent that the Court looks to the underlying allegations contained within those claims (for example, allegations of ineffective assistance of trial counsel), those claims are untimely.

[10]      There is no basis to use either of the other two provisions triggering the one-year limitations period. The Petitioner did not suffer any impediment to filing his federal petition, 28 U.S.C. § 2244(d)(1)(B), and none of his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review, id. at § 2244(d)(1)(C).

be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

### (1)    Claims That Fall Under § 2244(d)(1)(A)

Aside from his claims premised upon the newly-discovered evidence pertaining to Nurse Henderson, the Petitioner's cognizable claims, including all of his claims that his trial attorney (Attorney Hatheway) was ineffective or that he was not competent to enter his guilty plea, must be evaluated under § 2244(d)(1)(A).[11] It was previously explained that the Petitioner's judgment of sentence became final on **March 30, 2009**. Therefore, he had one year from that date – until on or around **March 30, 2010** – to file those claims in a federal habeas petition. No "properly filed" PCRA petition was filed between March 30, 2009 to March 30, 2010 (or indeed ever) that would serve to statutorily toll AEDPA's statute of limitations under § 2244(d)(2). The Petitioner did not file the instant petition until, at the very earliest, **March 3, 2015**. Therefore, all of his cognizable claims aside from his claims premised upon Nurse Henderson are untimely **by almost five years**.

### (2)    Claims That Fall Under § 2244(d)(1)(D)

The Petitioner's cognizable claims premised upon Nurse Henderson must be evaluated under the statute of limitation set forth in § 2244(d)(1)(D), which provides that the one-year limitations period starts to run on the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The Petitioner maintains that he learned of the newly-

---

[11]    In Ground One, the Petitioner contends that in January 2015, he uncovered his school records and evaluations that reveal his mental health history and that his trial counsel was ineffective for not utilizing that information. This is not the type of claim that should be evaluated under § 2244(d)(1)(D), as opposed to § 2244(d)(1)(A). That is because the Petitioner has not shown that it is based upon a factual predicate that could not have been discovered earlier through the exercise of due diligence, as required for evaluation under § 2244(d)(1)(D). Moreover, the record demonstrates that in the Petitioner's third PCRA proceeding he was litigating the same or similar claim. Therefore, the claim was available to him well before January 2015.

discovered evidence pertaining to Nurse Henderson on **August 11, 2010**. Therefore, he had one year from that date, until on or around **August 11, 2011**, to file timely federal habeas claims regarding Nurse Henderson. His **March 3, 2015**, federal habeas petition was thus untimely by **more than three years and six months**.

Only one of the Petitioner's PCRA petitions (his first) was pending during part of the time that the statute of limitations was running under § 2244(d)(1)(D). Specifically, his first PCRA petition was pending from October 18, 2010 to August 15, 2013 (the date the Pennsylvania Supreme Court denied a petition for allowance of review). See Lawrence v. Florida, 549 U.S. 327, 331-36 (2007) (a petitioner is not entitled to statutory tolling for the period available to file a petition for a writ of certiorari to the United States Supreme court following state collateral review); Swartz, 204 F.3d at 419-20. Importantly, that PCRA petition did not statutorily toll AEDPA's limitations period under § 2244(d)(2) because the Superior Court held that it was untimely under the PCRA statute of limitations. Therefore, the first PCRA petition does not qualify as a "properly filed application for State post-conviction or other collateral review" under the terms of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").[12]

The Petitioner argues that the Superior Court erred and that it should have concluded that he filed his first PCRA petition on the date he alleged that he gave it to prison authorities (which he contends was on October 5, 2010). This Court is not at liberty to second guess the Superior Court's decision. It concluded that the first PCRA petition was untimely under state law, and "[w]hen a postconviction

---

[12]     The Petitioner's second and third PCRA petitions do not qualify as a "properly filed application for State post-conviction or other collateral review" under the terms of § 2244(d)(2) because the state court held that they too were untimely under the PCRA. However, the Petitioner filed those petitions after the statute of limitations expired for newly-discovered evidence claims under § 2244(d)(1)(D). Thus, since those PCRA petitions were not pending during the period of time in which the statute of limitations was running under § 2244(d)(1)(D), they could not serve to statutorily toll the limitations period under § 2244(d)(2) for that reason as well.

15

petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414 (internal quotation marks omitted) (second alteration in original). See also FEDERAL HABEAS MANUAL § 9A:50.

### (3) The Petitioner Is Not Entitled to Equitable Tolling

The United States Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been **pursuing his rights diligently**, and (2) some **extraordinary circumstance** stood in his way and prevented timely filing. Id. at 649. See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing both elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The Court of Appeals for the Third Circuit has explained:

> "There are no bright lines in determining whether equitable tolling is warranted in a given case." Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," Seitzinger v. Reading Hosp. & Medical Ctr., 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." Miller [v. New Jersey State Dept. of Corr.], 145 F.3d [616, 618 (3d Cir. 1998)].

Sistrunk, 674 F.3d at 190.

The Petitioner has not met his burden of demonstrating that he is entitled to equitable tolling with respect to any of his claims. He does not identify any "extraordinary circumstance" that stood in his way of filing a timely federal habeas petition for: (1) his claims that, in order to be timely filed under §2244(d)(1)(A), had to be raised in a federal habeas petition filed by March 30, 2010; or, (2) his claims regarding Nurse Henderson, which in order to be timely filed under § 2244(d)(1)(D), had to be raised in

a federal habeas petition filed by August 11, 2011. Nor has he shown that he acted with the required diligence with respect to either category of claims.

Even if the Court were inclined to toll the statute of limitations for the Petitioner's claims regarding Nurse Henderson until the conclusion of the litigation of his first PCRA petition, that would still not save those claims from being dismissed as untimely. That is because once the litigation of the Petitioner's first PCRA petition concluded on August 15, 2013, the Petitioner waited **more than 18 months** (until March 3, 2015) to file his federal habeas petition with this Court. He has not demonstrated that any extraordinary circumstance stood in his way during that period of time that prevented him from filing a federal habeas petition. Nor has he shown the required diligence during that period of time to warrant equitable tolling. Although he may not have understood the ramifications of filing two more PCRA petitions and waiting so long to seek federal habeas review with this Court, it is well established that a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." Ross, 712 F.3d at 799-800 (citing Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have filed "at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him); and Doe v. Menefee, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires ... such inadvertence on Doe's part cannot constitute reasonable diligence.")). See also FEDERAL HABEAS MANUAL § 9A:92 (collecting cases for the proposition that "[i]gnorance of the law and the lack of legal experience typically do not excuse an untimely filing, even for a *pro se* incarcerated prisoner.").

Based upon the foregoing, the Petitioner is not entitled to equitable tolling on any of his claims.

**(4)     The Petitioner Has Not Met His Burden of Showing His "Actual Innocence" Such That Any of His Untimely Claims Should Be Heard On the Merits**

Petitioner asserts that the newly-discovered evidence pertaining to Nurse Henderson establishes that he is "actually innocent." A credible claim of actual innocence can act as a "gateway" through which a federal habeas petitioner may pass to have an otherwise time-barred constitutional claim considered on the merits. Specifically, in McQuiggin v. Perkins, — U.S. — , 133 S.Ct. 1924 (2013), the Supreme Court recognized that the actual innocence gateway to federal habeas review developed in Schlup v. Delo, 513 U.S. 298 (1995) extends to cases where a petitioner's claims would otherwise be barred by the expiration of the one-year statute of limitations prescribed by AEDPA. It held that, in order to avoid a miscarriage of justice, a federal court may entertain a § 2254 petition if the petition states facts that could amount to a convincing claim of actual innocence even if AEDPA's statute of limitations for such a petition has expired. McQuiggin, 133 S.Ct. at 1934-35. This "actual innocence" exception applies only to a "severely confined category" of cases, namely, those matters where the petitioner produces new evidence sufficient to show that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." Id. at 1933 (quoting Schlup, 513 U.S. at 329). The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[,]" id. at 1928, and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 1936 (quoting Schlup, 513 U.S. at 316). Where the petitioner pleaded guilty (as in the instant case), he also must establish his actual innocence not only of the count

to which he pleaded guilty, but also the other charges the government excused in the plea bargaining process. Bousley v. United States, 523 U.S. 614, 623-24 (1998).[13]

The Petitioner has not met his burden of establishing his actual innocence. It is true that Nurse Henderson has been discredited, but that fact alone does not establish that he is actually innocent of the crime to which he pleaded guilty (Aggravated Assault), or the other crimes for which he was charged (Rape of a Child, Indecent Assault, Endangering the Welfare of a Child, Unlawful Contact with a Minor, or Corruption of Minors). After the concerns regarding Nurse Henderson were reported, the state courts and federal habeas courts were presented with numerous challenges to convictions based upon that reporting. Whether the petitioner was entitled to relief depended on the circumstances of each case, and in many instances the petitioner's post-conviction petition was denied. To cite just two examples, in Vargas v. Wetzel, No. 14-161, 2016 WL 1068359, *11 (W.D. Pa. Feb. 24, 2016), adopted by the district court in 2016 WL 1461903 (W.D. Pa. Apr. 14, 2016), the petitioner's contention that he was actually innocent in light of the evidence regarding Nurse Henderson was rejected because "her involvement in his case was minimal." In Genis v. Superintendent, SCI Albion, No. 12-300, 2013 WL 5615958 (W.D. Pa. Oct. 8, 2013), the district court held that, although Nurse Henderson had testified at the petitioner's trial that her genital exam of the victim showed that the victim had suffered significant injuries consistent with sexual assault, the petitioner was not entitled to habeas relief because, *inter alia*, the admission of Nurse Henderson's testimony was harmless in light of the other evidence that established

---

[13]    As Justice Scalia explained in his dissent in Bousley, the plea scenario presents problems for the habeas court in undertaking the actual innocence/miscarriage of justice inquiry. 523 U.S. at 631 (Scalia, J., dissenting) ("But how is the court to determine 'actual innocence' upon our remand in the present case, where conviction was based upon an admission of guilt?"). In response to Justice Scalia's concerns, the majority instructed that a habeas court may consider "any admissible evidence of [the] petitioner's guilt." Id. at 624 n. 3. It further held that, in a plea scenario, the petitioner must demonstrate actual innocence not only as to the offense(s) of conviction, but also as to the charges that were dismissed or dropped in the course of plea bargaining. Id. at 624 ("In cases where the government has foregone more serious charges in the course of plea bargaining, [the] petitioner's showing of actual innocence must also extend to those charges.").

his guilt. In both <u>Vargas</u> and <u>Genis</u>, the Court of Appeals for the Third Circuit denied the petitioner's subsequent request for a certificate of appealability.

In this case, Attorney Rowden, in the amended PCRA petition he filed on the Petitioner's behalf, indicated that the newly-discovered evidence pertaining to Nurse Henderson would not necessarily entitle the Petitioner to post-conviction relief because her report "related to anal penetration," and the Petitioner's "plea was to genital penetration[.]" Rowden also stated that the Petitioner's "admissions may have made Nurse Henderson's report merely cumulative, thus not exculpatory in nature[.]"(Resp's Ex. C, Amended Petition at ¶ 7, ECF No. 17-1 at 12). Moreover, the Petitioner admitted to sexually assaultive contact with the victim (putting his penis on her genitals and his thumb in her vagina) that would not necessarily have left any physical scars on her. Therefore, to the extent that Nurse Henderson's report stated that her physical exam of the victim revealed evidence of internal injuries or scarring, that type of finding would not have been relevant to the conduct to which the Petitioner pleaded guilty.

Based upon all of the foregoing, this Court should conclude that the Petitioner has not demonstrated that any of his cognizable claims should be reviewed on the merits under the "actual innocence" gateway for federal habeas review established by <u>McQuiggin</u> and <u>Schlup</u>. The Petitioner has the opportunity in Objections to this Report and Recommendation to convince the Court that some or all of his cognizable claims should be heard on the merits under the actual innocence "gateway" notwithstanding that they are time barred, but at this point there is no basis for this Court to proceed in that manner.

## C.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate

of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be dismissed as untimely. Accordingly, a certificate of appealability should be denied.

### III.   **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Respondents' motion to dismiss (ECF No. 17) be granted, that the petition for writ of habeas corpus be dismissed with prejudice, and that a certificate of appealability be denied with respect to all claims.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: December 8, 2016

cc:    The Honorable Barbara Rothstein
       United States District Judge